ADAMS, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| SCHUMACHER HOMES OPERATIONS, INC., | ) ) ) | CASE NO. 5:05CV2401 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) ) | ORDER [RESOLVING DOC. 47] |
| BOB YODER, et al, | ) ) | |
| Defendants. | ) | |

This action is before the Court upon Westfield Insurance Company's Motion for Leave to Intervene as a New Party Plaintiff (Doc. 47) pursuant to Fed. R. Civ. P. 24. Westfield has attached a copy of the proposed Complaint/Cross-Complaint for Declaratory Judgment to the motion. *See* Exhibit A. Westfield seeks leave to intervene as a matter of right or, in the alternative, that it be permitted to intervene pursuant to Rule 24(b). The Court has reviewed the memorandum in support and response of defendants/third-party plaintiffs LMR Contracting, Inc., d/b/a Bob Yoder Construction, and Bob Yoder (hereinafter collectively referred to as "LMR") (Doc. 61). LMR does not oppose Westfield's permissive intervention under Rule 24(b). Plaintiff Shumacher Homes Operations, Inc. is silent on the issue of Westfield's intervention.

Westfield asserts that it must intervene in the case at bar because Ohio's doctrine of collateral estoppel prevents it from later suing in state court. In support of its argument, Westfield cites to *Howell v. Richardson*, 45 Ohio St.3d 365 (1989), in which the Ohio Supreme Court explained that an insurer seeking a declaratory judgment of non-coverage must seize the opportunity to intervene or forever waive its claims against the insured. *Id.* at 367-68.

Westfield's argument fails, however, as the Ohio Supreme Court premised its decision in *Howell* on the fact that the insurer never sought to intervene in the original action. *See Gehm v. Timberline Post & Frame*, No. 22479, 2005 WL 2401906, at ¶¶ 5 and 6 (Ohio App. Sept. 30, 2005) (third-party insurer that unsuccessfully seeks to intervene is not collaterally estopped from litigating its claims in a subsequent suit), *aff'd*, 112 Ohio St.3d 514 (2007). Just as in *Gehm*, Westfield has attempted to seize its opportunity to intervene--having done that, albeit unsuccessfully, Westfield will be free to proceed in a subsequent action in state court, if Westfield so desires.

For the foregoing reason, as well as those set forth in *Schumacher Homes Operations, Inc. v. Reserve Builders, L.L.C., et al.*, Case No. 5:05CV1715, slip op. (N.D. Ohio April 14, 2006), Westfield Insurance Company's Motion for Leave to Intervene as a New Party Plaintiff (Doc. 47) is DENIED.

IT IS SO ORDERED.

| | |
|---|---|
| March 30, 2007 | /s/ John R. Adams |
| Date | John R. Adams |
| | U.S. District Judge |